**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GRYPHON INVESTMENTS III, LLC, | ) | |
| by and through its | ) | |
| RECEIVER, CLAIRE M. SCHENK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| JOHN S. WEHRLE, | ) | |
| GRYPHON INVESTMENTS II, LLC, and | ) | |
| CIRQIT.COM , INC. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Comes now Claire M. Schenk, the court-appointed Receiver over Acartha Group, LLC,

MIC VII, LLC, Acartha Technology Partners, LP, Gryphon Investments III, LLC, and each of

their subsidiaries, successors and assigns (collectively, the "Receivership Entities"), and for her

Complaint against Defendants John S. Wehrle, Gryphon Investments II, LLC, and Cirqit.com,

Inc. states as follows:

### <u>The Parties, Jurisdiction, and Venue</u>

1.      On January 17, 2012, the Court appointed Claire M. Schenk ("Receiver") as

receiver of the Receivership Entities. *See S.E.C. v. Burton Douglas Morriss, et al.*, Case No.

4:12-cv-80-CEJ (E.D. Mo.) (the "SEC Receivership Action"), at ECF No. 16 (the "Receivership

Order").

2.      Under the Receivership Order, the Court directed the Receiver to investigate the

affairs of the Receivership Entities, to marshal and safeguard the assets of the Receivership

Entities, and to institute legal proceedings for the benefit of the Receivership Entities and their investors and creditors.

3.      Under the Receivership Order, the Receiver is expressly authorized and has standing to assert legal and equitable claims on behalf of Gryphon Investments III, LLC ("Gryphon III").

4.      Defendant John S. Wehrle ("Wehrle") is, and was during the relevant time period, a resident of Saint Louis County, Missouri, within the Eastern District of Missouri.  Wehrle founded and served as managing partner of Defendant Gryphon Investments II, LLC ("Gryphon II"), Gryphon Investments III, LLC, and Gryphon Holdings II and II "B."  The Gryphon Entities are private equity and venture capital funds.

5.      As a founder and managing partner, Wehrle raised and solicited funds from prospective investors, managed portfolio company investments and realizations, and structured and managed the private equity funds and co-investment vehicles.

6.      Gryphon II is a limited liability company organized and existing under the laws of the state of Missouri.  Among other things, Gryphon II manages Gryphon Holdings II, LLP, a private equity fund.

7.      Cirqit.com, Inc. ("Cirqit") is a corporation organized and existing under the laws of the state of Delaware.  Cirqit's sole portfolio holding is in LogicSource, Inc.  Wehrle is the Chairman of the Board of Directors of Cirqit.  As Chairman, Wehrle controls and manages Cirqit.

8.      The Receiver brings this action to accomplish certain objectives of the Receivership Order.  Accordingly, this action is ancillary to the SEC Receivership Action.

9.      This Court has jurisdiction over this action under 28 U.S.C §§ 754 and 1692.

- 2 -

10.     Further, as the Court that appointed the Receiver, this Court has jurisdiction over any claim brought by the Receiver to execute her receivership duties.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because, among other factors, a substantial part of the events giving rise to the Receiver's claims against Defendants occurred in this District.

12.     Venue is also proper in this District because:

  a. this action is ancillary to the SEC Receivership Action;

  b. the Receiver was appointed in this District; and

  c. this action involves assets and other property of the Receivership Entities.

**Factual Background**

13.     On or about March 1, 2008, Wehrle formed Gryphon III as a limited liability company under the laws of the state of Missouri.

14.     The Gryphon III Operating Agreement (the "Operating Agreement") is attached hereto and incorporated herein as **Exhibit 1.**

15.     The Operating Agreement designates Wehrle, among others, as a Manager and Class B Member of Gryphon III.

16.     Section 4.1 of the Gryphon III Operating Agreement vests Wehrle as a Manager with "complete authority over and exclusive control and management of the day-to-day affairs" of Gryphon III.

17.     Section 4.5 of the Operating Agreement mandates that Managers perform their duties "in good faith, with the care a corporate officer of like position would exercise under similar circumstances, in the manner he reasonably believes to be in the best interest of the Company."

18.     As a Manager of Gryphon III, Wehrle raised funds, solicited capital contributions, and communicated with investors.

19.     To solicit contributions, Wehrle, or others acting with him or on his behalf, typically provided prospective investors with a Subscription Agreement, a Summary of the Terms of the Investment, Gryphon III Wire Transfer Instructions, and the Gryphon III Operating Agreement.

20.     The Gryphon III Subscription Agreement (the "Subscription Agreement") is attached hereto and incorporated herein as **Exhibit 2.**

21.     The Gryphon III Summary of the Terms of the Investment (the "Summary of the Terms of the Investment") is attached hereto and incorporated herein as **Exhibit 3.**

22.     The Gryphon III Wire Transfer Instructions (the "Wire Transfer Instructions") are attached hereto and incorporated herein as **Exhibit 4.**

23.     The Gryphon III Subscription Agreement expressly stated that Wehrle (as Manager) would use capital contributions to fund the capital of Gryphon III and no other entity.

24.     The Gryphon III Summary of the Terms of the Investment expressly stated that Wehrle (as Manager) would use capital contributions "to fund working capital and other expenditures of [Gryphon III]" and no other entity.

25.     Under Sections 10.6 and 10.7 of the Gryphon III Operating Agreement, Wehrle agreed that funds contributed by investors to Gryphon III would "not be comingled with assets belonging to persons other than the Company."

26.     Between March 2008 and September 2008, Wehrle solicited and obtained capital contributions from investors of Gryphon III.

27.     Wehrle and others at his direction directed investors in Gryphon III to make their capital contributions to Gryphon III pursuant to the Wire Transfer Instructions.  The Wire Transfer Instructions represented that such investor contributions would be deposited into an account at US Bank that belonged to Gryphon III.

28.     Investors of Gryphon III transferred their capital contributions to the US Bank account as directed by the Wire Transfer Instructions.

29.     The US Bank account represented on the Wire Transfer Instructions as belonging to Gryphon III in fact belonged to Gryphon II, a separate company that Wehrle also controlled and managed.

30.     Wehrle knew that the Wire Transfer Instructions misrepresented to Gryphon III investors the true nature of the transaction and the true destination of the funds so invested.

31.     Between March 2008 and December 2008, Gryphon III investor contributions were improperly comingled with the funds of Gryphon II and transferred to Wehrle, Gryphon II, Cirqit, and others.

32.     Wehrle, Gryphon II, and Cirqit, through Wehrle, knew that they improperly and fraudulently received Gryphon III investor contributions.

33.     The total amount of funds contributed by investors to Gryphon III and subsequently diverted to Wehrle, Gryphon II, Cirqit, and others, exceeded $3.4 million.

34.     Presumptively, the Receiver could not have discovered the facts alleged in this Complaint until after the Court appointed her on January 17, 2012.  Accordingly, the statute of limitations on the claims asserted herein did not begin to accrue until after January 17, 2012. Additionally, the Receiver and Wehrle entered into a series of agreements that tolled the statute of limitations on claims against Wehrle between July 10, 2012 to March 16, 2015.

35.     On or about January 7, 2015, Wehrle was indicted by a United States Grand Jury for two counts each of tax evasion and filing false tax returns.

**Count I – Breach of Contract**
**Against Defendant Wehrle**

36.     The Receiver incorporates paragraphs 1 through 35 as if set forth fully herein.

37.     On or about March 1, 2008, Wehrle entered into the Operating Agreement with Gryphon III whereby Wehrle agreed to serve as a Manager of the Company.

38.     As Manager of Gryphon III, Wehrle agreed to perform the duties and obligations in the Operating Agreement.

39.     Wehrle breached the Operating Agreement by, among other things, improperly diverting to himself and other entities in excess of $3.4 million contributed by investors to Gryphon III.

40.     Gryphon III has suffered damages in an exact amount to be proven at trial.

41.     Demand has been made on Wehrle for repayment, but Wehrle has refused and continues to refuse to repay the amounts diverted from and owed to Gryphon III.

**Count II – Breach of Fiduciary Duty**
**Against Defendant Wehrle**

42.     The Receiver incorporates paragraphs 1 through 41 as if set forth fully herein.

43.     As Manager, Wehrle owed a fiduciary duty to Gryphon III under RSMo. § 347.088 and pursuant to Section 4.5 of the Operating Agreement.

44.     Wehrle breached his fiduciary duty to Gryphon III by, among other things, knowingly and fraudulently transferring to himself and other entities in excess of $3.4 million contributed by Gryphon III investors.

45.     Gryphon III has suffered damages in an exact amount to be proven at trial.

**Count III – Fraudulent Transfers**
**Against Defendants Wehrle, Cirqit, and Gryphon II**

46.    The Receiver incorporates paragraphs 1 through 45 as if set forth fully herein.

47.    As described above, Wehrle improperly and fraudulently transferred Gryphon III investor contributions to himself and other entities, including but not limited to Gryphon II and Cirqit, with actual intent to hinder, delay, or defraud Gryphon III investors.

48.    Gryphon II received all funds contributed by Gryphon III investors, some of which it then fraudulently transferred to Cirqit and other individuals and entities.

49.    Gryphon III did not receive fair value in exchange for the transfers.

50.    To the extent that Defendants are not initial transferees of Gryphon III contributions, they are subsequent transferees, and upon information and belief, they cannot satisfy their burden that they took Gryphon III assets for value and in good faith or are the entities or individuals for whose benefit such Gryphon III contributions were made.

51.    Every transfer by Wehrle was based upon fraudulent documents and financial transactions.

52.    The Gryphon III transfers were made to or for the benefit of Wehrle and other entities, including but not limited to Wehrle, Gryphon II, and Cirqit, in furtherance of a fraudulent investment scheme.

53.    Wehrle concealed his fraud from investors.

54.    The investor funds rightfully belong to Gryphon III.  The Receiver is therefore entitled to recover (1) the investor funds fraudulently transferred by Wehrle to himself and others, including Gryphon II and Cirqit, and (2) punitive damages, pursuant to RSMo. § 428.039.

**Count IV – Unjust Enrichment / Quantum Meruit**
**Against Defendants Wehrle, Cirqit, and Gryphon II**

55.     The Receiver incorporates paragraphs 1 through 54 as if set forth fully herein.

56.     Wehrle, Gryphon II, and Cirqit received investor funds that belonged to Gryphon III and thereby received a benefit at the expense of Gryphon III.

57.     It would be unjust to allow Wehrle, Gryphon II, and Cirqit to retain the benefit they received at the expense of Gryphon III.

58.     It would be unjust to allow Wehrle, Gryphon II, and Cirqit to retain the reasonable value of the benefit they received at the expense of Gryphon III and they should be required to disgorge and return the improperly diverted funds to the Receiver for the benefit of Gryphon III.

**Count V – Money Had and Received**
**Against Defendants Wehrle, Cirqit, and Gryphon II**

59.     The Receiver incorporates paragraphs 1 through 58 as if set forth fully herein.

60.     As described herein, Wehrle, Gryphon II, and Cirqit received or obtained possession of money that properly belonged to Gryphon III.

61.     Wehrle, Gryphon II, and Cirqit thereby received and appreciated a benefit to which they were not entitled at the expense of Gryphon III.

62.     Defendants' acceptance and retention of the money was unjust.

**Count VI – Conversion**
**Against Defendants Wehrle, Cirqit, and Gryphon II**

63.     The Receiver incorporates paragraphs 1 through 62 as if set forth fully herein.

64.     Gryphon III had an ownership interest in the investor funds that Wehrle improperly diverted to himself, Gryphon II, and Cirqit.

65.     Wehrle, Gryphon II, and Cirqit took possession of investor funds with the intent to exercise control over the funds.

66.     Wehrle, Gryphon II, and Cirqit's actions have prevented Gryphon III from using the investor funds.

### Count VII – Replevin
### Against Defendants Wehrle, Cirqit, and Gryphon II

67.     The Receiver incorporates paragraphs 1 through 66 as if set forth fully herein.

68.     Gryphon III was entitled to possess the investor funds that Wehrle and others solicited and received as Managers and representatives of Gryphon III.

69.     Wehrle and Gryphon II have wrongfully retained the investor funds.

70.     On information and belief, the funds have not been seized under any process, execution, or attachment.

71.     Gryphon III will be in danger of losing the investor funds absent relief in this action.

### Count VIII – Action for Accounting
### Against Defendants Wehrle, Cirqit, and Gryphon II

72.     The Receiver incorporates paragraphs 1 through 71 as if set forth fully herein.

73.     As a result of the conduct of Defendants Wehrle, Gyphon II and Cirqit, monies belonging to Gryphon III have been diverted to and retained by said Defendants.

74.     The location and precise amount of money due to Plaintiff from Defendants cannot be ascertained without an accounting of the receipts and disbursements related to the transactions described herein, which upon Plaintiff's information and belief exceeds $3.4 million.

75.     Plaintiff has demanded an accounting of the aforementioned transactions from Defendants, but Defendants have failed and refused and continue to fail and refuse to render such an accounting or to pay such sums.

76.     Plaintiff seeks the imposition of a constructive trust and/or an equitable lien against Defendants Wehrle, Gryphon II and Cirqit over and against monies held by such Defendants that belonged to and were diverted from Gryphon III.

WHEREFORE, the Receiver, on behalf of Gryphon Investments III, LLC, respectfully requests that this Court enter judgment in its favor and against Defendants John Wehrle, Gryphon Investments II, LLC, and Cirqit.com, Inc., granting the following relief:

a.      Damages in an amount to be proven at trial, including but not limited to compensatory and punitive damages;

b.      Immediate payment of any and all fraudulent transfers to or for the benefit of Defendants John Wehrle, Gryphon Investments II, LLC, and Cirqit.com, Inc.;

c.      An accounting of the receipts and disbursements of the transactions described herein, to include the $3.4 million paid by investors to Gryphon III but diverted to Defendants herein;

d.      The imposition of a constructive trust and/or an equitable lien against Defendants Wehrle, Gryphon II and Cirqit over and against monies held by such Defendants that belonged to and were diverted from Gryphon III;

e.      Expenses, attorneys' fees, and other costs of collection; and

f.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

THOMPSON COBURN LLP


By /s/ Stephen B. Higgins
    Stephen B. Higgins, #25728MO
    Brian A. Lamping, #61054MO
    Kristen E. Sanocki, #67375MO
    One US Bank Plaza
    St. Louis, Missouri 63101
    Phone: 314-552-6000
    Fax: 314-552-7000
    shiggins@thompsoncoburn.com
    blamping@thompsoncoburn.com
    ksanocki@thompsoncoburn.com

*Attorneys for Plaintiff*