UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GRYPHON INVESTMENTS III, LLC. )<br>*By and through its Receiver,* )<br>*Claire M. Schenk,* )<br>  )<br>  )<br>      Plaintiff, )<br>  )<br>      v. )<br>  )<br>JOHN S. WEHRLE, )<br>GRYPHON INVESTMENTS II, LLC, and )<br>CIRQIT.COM, INC., )<br>  )<br>      Defendants, ) | Case No. 4:15 CV 464 RWS |

## MEMORANDUM AND ORDER

In its complaint, Plaintiff Gryphon Investments III, LLC (Gryphon III) alleges that Defendant John S. Wehrle founded and served as managing partner of Gryphon III and Defendant Gryphon Investments II, LLC (Gryphon II) as well as Gryphon Holdings II and II "B." The Gryphon entities are private equity and venture capital funds.

Defendant Cirqit.com, Inc. (Cirqit) is a corporation organized in the state of Deleware. Wehrle, as Chairman of the Board of Directors of Cirqit., controls and manages Cirqit.

On March 1, 2008, Wehrle formed Gryphon III as a limited liability company. Its Operating Agreement designates Wehrle, among others, as a

manager with complete authority and exclusive control and management of the day-to-day affairs of Gryphon III.  In its complaint, Gryphon III alleges that Wehrle induced investors to contribute in excess of $3.4 million to Gryphon III.  These capital contributions were intended to fund the working capital and other expenditures of Gryphon III.  However, unbeknownst to the investors, the wire transfer instructions provided by Wehrle to the investors listed the bank account of Gryphon II not Gryphon III.  The result was that Gryphon III never received these investor funds.  Instead, they were diverted by Wehrle's actions to himself, Gryphon II, and Cirqit.  Attorney Claire Schenk was appointed receiver of Plaintiff Gryphon III and several other entities which Wehrle managed or controlled, or in which he was otherwise associated.  Schenk filed this lawsuit as the receiver for Gryphon III in an attempt to recover funds taken by Wehrle.

Gryphon III complaint asserts claims for breach of contract (Count I) and breach of fiduciary duty (Count II) against Wehrle.  The complaint also asserts claims for fraudulent transfers (Count III); unjust enrichment (Count IV); money had and received (Count V); conversion (Count VI); replevin (Count VII); and for an accounting (Count VIII) against Wehrle, Gryphon II, and Cirqit.

Wehrle has moved to dismiss the breach of contract claim (Count I).[1]  All three Defendants have moved to dismiss the claims for fraudulent transfers (Count III), conversion (Count VI), and replevin (Count VII).

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint.  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. Id. at 555.

Gryphon III's breach of contract claim is based on Gryphon III's Operating Agreement.  Gryphon III alleges that Wehrle's actions of diverting funds from Gryphon III breached the Operating Agreement.  However, Wehrle is not a party to the Operating Agreement.  He signed that document in his capacity as the trustee of the John S. Wehrle Revocable Living Trust.  Gryphon III asserts in its opposition to the motion to dismiss that its breach of contract claim is based on Wehrle's duties as a manager.  The complaint fails to provide any facts to support

---

[1] Wehrle has also moved to strike Paragraph 35 of the complaint which notes Wehrle's federal indictment for tax evasion and filing false tax returns.  Plaintiff does not oppose this motion.  As a result, I will grant the motion to strike.

a breach of contract claims based on Wehrle's breach of his duties as a manager of Gryphon III. This claim is more properly addressed in Count II of the complaint, breach of fiduciary duty. As a result, I will grant the motion to dismiss Count I.

Defendants also moved to dismiss the fraudulent transfers claim in Count III. I find that, under the liberal federal pleading standards, Gryphon III has alleged enough sufficient facts to assert a claim for fraudulent transfers at this initial stage of the case.

Defendants have moved to dismiss the claims for conversion (Count VI) and replevin (VII). As a general matter, neither a conversion action nor a replevin action may be asserted to recover money. See L&W Engineering Co., Inc. v. Hogan, 858 S.W.2d 847 (Mo. Ct. App. 1993)(conversion) and A.R. By & Through C.R. v. Topper, 834 S.W.2d 238 (Mo. Ct. App. 1992)(replevin). Although there are some limited exceptions to this rule, none of them apply to the claims in this case. The contributions Gryphon III seeks to recover were for the general purposes of working capital and other expenditures of Gryphon III. As a result, I will grant the motion to dismiss Gryphon III's claims based on conversion and replevin.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant John Wehrle's motion to dismiss the claim for breach of contract [21] (Count I) is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendants' motion to dismiss the claim for fraudulent transfers [#s 21, 26, and 30] (Count III) is **DENIED**.

**IT IS FURTHER ORDERED that** Defendants' motion to dismiss the claims for conversion and for replevin [#s 21, 26, and 30] for fraudulent transfers (Count III) is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant John Wehrle's motion to strike Paragraph 35 of the complaint [21] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2015.